## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEANNIE CRAIG, individually and as Personal Representative of the Estate of NEAL CRAIG, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number CIV-04-1222-C |
| FORD MOTOR COMPANY, a foreign corporation, | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Jeannie Craig (Craig), brings this action under diversity of citizenship jurisdiction, 28 U.S.C. § 1332.  "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte."  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  In reviewing the litigants' pleadings in light of the pending motion to compel, the Court discovered that Craig has not properly pleaded facts necessary to establish the Court's jurisdiction under the diversity statute—neither Defendant Ford Motor Company's state of incorporation nor its principal place of business is clearly alleged on the face of the complaint.  See 28 U.S.C. § 1332(c); Basso, 495 F.2d at 909.

Diversity jurisdiction is, by Congress's intent, a restrictive and limited form of federal jurisdiction; to effectuate this intent, federal courts strictly construe the diversity statue.  Buell v. Sears, Roebuck & Co., 321 F.2d 468, 470 (10th Cir. 1963).  "To be observant of these restrictions is not to indulge in formalism or sterile technicality but is essential to the proper exercise of limited jurisdiction."  Id.  "[L]ack of jurisdiction cannot be waived and jurisdiction

cannot be conferred upon a federal court by consent, inaction or stipulation." <u>Basso</u>, 495 F.2d at 909.  Consequently, Craig has the duty to properly plead all facts essential to show diversity of citizenship jurisdiction as there is a presumption against its existence.  <u>Id</u>.

Normally, FED. R. CIV. P. 12(h)(3) requires the dismissal of Craig's complaint. However, it appears to the Court that Craig has a basis for diversity of citizenship jurisdiction and that dismissal would be imprudent.  28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); <u>Buell</u>, 321 F.2d at 471; 5 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1214 (3d ed. 2004).  Accordingly, the Court grants Craig leave to file a supplemental complaint on or before May 17, 2005, in order to correct her deficient jurisdictional allegations. FED. R. CIV. P. 15(d); 28 U.S.C. § 1653.  If Craig fails to file a supplemental complaint, the Court will dismiss the action without prejudice.  If Craig does timely file, no further pleadings by Defendant will be required and the Court will continue its consideration of the pending motion to compel.

IT IS SO ORDERED this 12th day of May, 2005.

ROBIN J. CAUTHRON
United States District Judge