**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JEANNIE CRAIG, individually and as Personal Representative of the Estate of NEAL CRAIG, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a foreign corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case Number CIV-04-1222-C<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Compel filed by Plaintiff Jeannie Craig (Craig). Defendant Ford Motor Company (Ford) filed a response, to which Craig filed a reply. The litigants have complied with LCvR37.1; thus, the matter is ripe for adjudication. The Court considered the litigants' submissions and the applicable law and now **GRANTS** in part and **DENIES** in part Craig's Motion to Compel.

### BACKGROUND

This ancillary discovery dispute stems from Craig's strict products liability action against Ford. Craig alleges that her husband, Neil Craig, suffered fatal injuries as a direct result of a defective neutral start switch in a 3400 model tractor manufactured by Ford. Craig requested Ford to produce documents pertaining specifically to the neutral start switch as well as the subject tractor as a whole. Ford objected, arguing that the requests were overly broad, but did produce responsive documents that it considered non-objectionable. Craig

contends that Ford arbitrarily limited the scope and production of discoverable documents and now moves the Court to compel Ford to produce all responsive documents not previously disclosed.

## DISCUSSION

I.  **Request for Production No. Three—the Neutral Start Switch.**

In Craig's Request for Production No. Three, she seeks "Any and all complaints, petitions or other initial pleadings seeking monetary damages, injunctive or equitable relief, or other claims for replacement, reimbursement, property damage or personal injury related to the Neutral Start Feature." (Pl.'s Mot. to Compel, Dkt. No. 22, at 2.)  Craig seeks the production of documents relating to any of the 400 tractor models manufactured with the neutral start switch in dispute and involved in accidents factually similar to the instant action, specifically, where the operator started the tractor from the ground or where the neutral start switch had been bypassed.

    A.    <u>Production of Ground-Start Accident Documents.</u>

Ford initially limited its production of documents in response to request no. three to two accidents involving a Ford 3000 series tractor running over and injuring the operator after a ground-start. (Pl.'s Mot., Ex. 2-4.)  Ford subsequently produced two limited groups of responsive documents involving only a bypassed switch:  claims involving any Ford tractor model with a bypassed neutral start switch (<u>id</u>. Ex. 8) and claims where Ford was unsure of whether or not the tractor's neutral start switch had been bypassed. (Def.'s Resp., Dkt. No. 24, Ex. 5.)  Craig argues that documents for accidents involving only ground-starts

are discoverable as they could include instances of the switch being bypassed or lead to other evidence admissible at trial.[1]  Ford argues that ground-start-only accidents are dissimilar to Neil Craig's accident and not admissible at trial; therefore, the documents are neither relevant nor discoverable.  Craig counter-argues that the disputed documents' admissibility at trial is not determinative of her ability to discover the disputed documents in the first instance. After canvassing the applicable law, the Court finds that the disputed documents are discoverable.

"[D]iscovery rules are to be accorded a broad and liberal treatment . . . .  Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).  FED. R. CIV. P. 26(b)(1)[2] permits Craig to request the production of documents relevant to her claim, even if the documents are not admissible at trial, so long as they are reasonably calculated to lead to admissible evidence. 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008 (2d ed. 1994) ("[A]dmissibility at the trial is not the limit of discovery and discovery may properly be had of inadmissible matter.").  Relevant documents would be "[documents] having any tendency

---

[1] In her reply brief, Craig also argues that Ford waived any objection to producing ground-start-only cases because it produced two ground-start-only cases in its first group of documents; therefore, Ford cannot argue that ground-start-only cases are not relevant.  The Court will not address Craig's waiver argument, as she raised it for the first time in her reply brief.  Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000).

[2] "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim . . . of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1).

to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [documents]." FED. R. EVID. 401.

Ford's argument is unavailing because it fails to appreciate the clear distinction between the right to obtain information through discovery with the admissibility of the information at trial. Ford's view on what documents are relevant, and thus discoverable, is also overly narrow—the focus of Craig's claim is the alleged defectiveness of the neutral start switch, not just the bypassing of the switch or other factual circumstances surrounding Neil Craig's accident. Ford makes the unsubstantiated and non-verifiable claim in its brief that the only documents it has not provided relate to accidents where Ford *knows* that the neutral start switch had not been bypassed. (Def.'s Resp., at 3.) Ford's claim, however, is belied by its own correspondence stating that a ground-start case *could* include instances where the neutral start switch operated properly. (Pl.'s Mot., Ex. 10.) The inference arises that ground-start cases *could* also include instances where the switch had been bypassed or otherwise failed to operate properly. Whether the documents in dispute explicitly reference a bypassed neutral start switch is not conclusive of the switch's proper operation or that the switch had not been bypassed. Consequently, at this stage of the litigation, the Court finds that ground-start-only cases are relevant and that Craig's request is reasonably calculated to lead to admissible evidence regarding the switch's defectiveness or Ford's notice thereof. Craig's motion to compel is granted as it pertains to ground-start-only cases for the approximately 400 tractor models manufactured with the neutral start switch in dispute.

      B.     <u>Bypassed Neutral Start Switch Accident Documents.</u>

The second portion of the dispute under request no. three involves accident reports detailing bypassed neutral start switches for all 400 tractor models manufactured with the switch in dispute. Although Ford initially limited its production of relevant documents to the 3000 series tractors, Ford later produced the relevant accident reports for several other tractor models. (Pl.'s Mot., Ex. 8.) In light of this fact, the Court finds that Craig's request for bypassed neutral start switch accident documents for other tractor models is now moot. Craig's motion to compel is denied as it pertains to bypassed neutral start switch accident documents.

**II.**    **Request for Production No. Four—the Subject Tractor Model.**

In Craig's Request for Production No. Four, she seeks "Any and all complaints, petitions or other initial pleadings seeking monetary damages, injunctive or equitable relief, or other claims for replacement, reimbursement, property damage or personal injury related to design or manufacturing defects in the Subject Tractor Model." (Pl.'s Mot., at 2.) Ford objected to this request on the grounds that it is overly broad and not sufficiently limited in scope to the circumstances at issue in the action. Ford's objection is sustained.

Craig's action is centered around only one component on the Ford 3400 model tractor—the allegedly defective neutral start switch. Her request no. four, however, is broad and sweeps within its ambit every strict products liability claim ever made against Ford and the 3400 model tractor. To the extent request no. four covers accidents involving the neutral start switch, it is duplicative in light of request no. three. For all other model 3400 tractor

parts cases covered by request no. four, Craig has failed to show how the cases are either relevant or reasonably calculated to lead to admissible evidence in the instant action. See FED. R. CIV. P.. 26(b)(1); Rockefeller v. Abraham, 23 Fed.Appx. 893 (10th Cir. 2001) (unpublished opinion)[3] (affirming the denial of plaintiff's motion to compel due to, inter alia, a failure to demonstrate relevancy); Williams v. Bd. of County Commissioners, 192 F.R.D. 698, 705 (D. Kan. 2000). Accordingly, the Court finds request no. four to be overly broad on its face. Craig's motion to compel is denied as it pertains to Request for Production No. Four.

### III.   Expenses Under FED. R. CIV. P. 37.

Normally, Ford would be required to pay Craig her reasonable expenses, as it provided additional responsive documents to Craig after she filed her motion to compel (Def.'s Resp., Ex. 5). FED. R. CIV. P. 37(a)(4)(A). However, in light of Ford's partial success in objecting to Craig's motion to compel, an award of reasonable expenses to either litigant would be imprudent. FED. R. CIV. P. 37(a)(4)(C)[4]

#### CONCLUSION

Craig's Motion to Compel (Dkt. No. 22) is **GRANTED** in part and **DENIED** in part for reasons more fully delineated herein. Ford is to produce all documents pertaining to all ground-start accidents for the approximately 400 tractor models manufactured with the

---

[3] This opinion is cited as persuasive authority only pursuant to 10th Cir. R. 36.3(B).

[4] "If the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." FED. R. CIV. P. 37(a)(4)(C).

neutral start switch in dispute; the responsive documents must be produced within fifteen days from the date of this Order. Each litigant is to bear its own expenses and fees incurred in relation to this motion.

IT IS SO ORDERED this 23rd day of May, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge