**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

JEANNIE CRAIG, individually and as Personal Representative of the Estate of NEAL CRAIG, deceased,

Plaintiff,

v.

FORD MOTOR COMPANY, a foreign corporation,

Defendant.

Case Number CIV-04-1222-C

## MEMORANDUM OPINION

Now before the Court is a Motion for Summary Judgment filed by Defendant Ford Motor Company (Ford). Plaintiff Jeannie Craig (Craig) filed a response to which Ford filed a reply; accordingly, the motion is now ripe for adjudication. The Court, upon full consideration of the litigants' submissions and the applicable law, now **DENIES** Ford's Motion for Summary Judgment.

### BACKGROUND

Craig brings the instant manufacturers' products liability action under diversity of citizenship jurisdiction and alleges that Ford's model 3400 tractor is defectively designed and that Ford failed to provide adequate warnings or safety instructions to consumers for its use. Ford denies Craig's allegations and seeks summary judgment on both the defective design and failure to warn claims.

Ford designed, manufactured, assembled, and sold the 3400 series tractor within its normal business operations. (Compare Pl.'s Compl., Dkt. No. 34, at 2 ¶ 8 with Def.'s Answer, Dkt No. 9, at 2 ¶ 8.) Included on the Ford 3400 tractor is a neutral start switch which requires the operator to place the high/low shift lever in "neutral" before the tractor's engine may be started.[1] (Def.'s Mot., Dkt. No. 44, at 4 ¶ 1.)

In March 2003, Neil Craig's Ford 3400 tractor experienced a flat front tire. (Id. Ex. 10, at 12.) During the beginning stages of changing the tire, Neil Craig stood next to the tractor and key-started the tractor's engine. (Id.) The tractor started; however, it was in gear and immediately began moving forward. (Id.) One of the tractor's rear tires rolled over Neil Craig, inflicting mortal injury. (Id. at 5, ¶ 5; compare Pl.'s Compl., at 2 ¶ 6 with Def.'s Answer, at 2 ¶ 6.) The tractor's neutral start switch had been bypassed prior to the accident. (Def.'s Mot., at 5 ¶ 5.)

## APPLICABLE LAW AND STANDARD OF REVIEW

In a diversity case, the Court applies the substantive law of Oklahoma, including its choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Ford admits that the substantial part of events giving rise to the instant action occurred in Oklahoma (Compare Pl.'s Compl., at 2 ¶ 5 with Def.'s Answer, at 1 ¶ 5); accordingly, Oklahoma law governs the claims in this action. Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 619-20 (10th Cir. 1998).

---

[1] When the shift lever is in neutral, a mechanical connection is completed, thus making a closed electrical circuit and allowing electrical current to go to the engine starter.

Summary judgment is proper only if Ford, as the moving party, shows "there is no genuine issue as to any material fact and that [Ford] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Court's function, at the summary judgment stage, is not to weigh the evidence but to determine whether there is a genuine issue for trial. Willis v. Midland Risk Ins. Co., 42 F.3d 607, 611 (10th Cir. 1994). "An issue is 'genuine' if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "The mere existence of a scintilla of evidence in support of [Craig]'s position is insufficient to create a dispute of fact that is 'genuine'. . . ." Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997). Ford, as the party not bearing the burden of persuasion at trial, need not negate Craig's claim, but may point out to the Court the lack of evidence on an essential element of a claim. Adams v. Am. Guar. & Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000). Craig will avoid summary judgment only by going beyond the pleadings and presenting evidence sufficient to establish the existence, as a triable issue, of an essential and contested element of the case. Perry v. Woodward, 199 F.3d 1126, 1131 (10th Cir. 1999). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." See Adler, 144 F.3d at 670 (citing Anderson, 477 U.S. at 248). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party, Craig, and draws all reasonable inferences in her favor. See

Anderson, 477 U.S. at 255; Simms v. Oklahoma ex rel. Dep't of Mental Health, 165 F.3d 1321, 1326 (10th Cir. 1999).

## DISCUSSION

### I. Craig's Design Defect Claim.

Craig contends that the Ford 3400 tractor, as originally designed and manufactured, contains an unreasonably dangerous design defect which ultimately led to the death of her husband, Neil Craig. Specifically, Craig submits that the neutral start switch is defectively designed in that Ford did not take into account that the transmission's shift rail and fork assembly would wear, thereby creating excessive play between the shift assembly and the neutral start switch. The excessive play exceeded the engagement tolerance of the neutral start switch. Without the neutral start switch engaged, the necessary closed circuit condition needed for the tractor to be started either could not occur or would only occur intermittently, effectively immobilizing the tractor. Craig further contends that repair costs for the worn transmission shift assembly and neutral start switch are economically prohibitive; therefore, Craig concludes that the tractor's owner is forced to bypass the neutral start switch in order to restore reliable starting capability and ultimately the tractor's overall use to its owner. Ford contends that summary judgment on Craig's design defect claim is proper for four reasons: that the homemade bypass of the neutral start switch is a subsequent modification; that the tractor was safe as equipped when sold with the neutral start system; that normal wear and tear is not a defect; and that bypassing the neutral start switch and failure to follow warnings caused Neil Craig's accident.

A. Ford's First Argument – Homemade Bypass as a Subsequent Modification.

Ford argues that under Oklahoma law, the bypassing of the neutral start switch constitutes a subsequent material alteration which precludes recovery because the tractor cannot be said to have been defective when it left Ford's control. Ford's analysis of Oklahoma law is true as stated but is incomplete. Under Oklahoma law, Ford is still liable if the subsequent modification was foreseeable. Saupitty v. Yazoo Mfg. Co., Inc., 726 F.2d 657, 659 (10th Cir. 1984) (interpreting Oklahoma law). See Messler v. Simmons Gun Specialties, Inc., 1984 OK 35, ¶ 8, 687 P.2d 121, 125 (discussing when liability attaches for products subsequently altered). See generally Treadway v. Uniroyal Tire Co., 1988 OK 37, ¶ 11, 766 P.2d 938, 941 ("Abnormal use or misuse of a product . . . is a use that could not reasonably be anticipated by a manufacturer."). Here, Ford testified that bypassing the neutral start switch was a foreseeable modification. (Pl.'s Resp, Dkt. No. 50, Ex. 6, at 34.) Therefore, Ford's first argument must fail.

B. Ford's Second Argument – The Tractor Was Safe as Equipped When Sold.

Ford argues that Craig cannot prove that any defect existed when the tractor left Ford's control. Here, the testimony of William Coleman (Coleman), Craig's expert, that the tractor is defectively designed (Def.'s Mot., Ex. 7) is sufficient to establish a genuine issue of material fact in dispute with regard to whether the alleged defect existed in the tractor when it left Ford's control. Hurd v. Am. Hoist & Derrick Co., 734 F.2d 495, 501 n.4 (10th Cir. 1984). Therefore, Ford's second argument must fail.

C. Ford's Third Argument – Normal Wear and Tear Is Not a Defect.

Ford argues that the wear and tear in the transmission shift assembly and neutral start switch which led to the switch's irregular operation is "normal" and not defective, thereby precluding recovery. According to Coleman, part of the defective design *is* the wear and tear because the only safety system on the tractor failed before the end of the tractor's useful life. (Def.'s Mot., Ex. 7, at 7 ¶¶ 3, 6, 9.) Whether the transmission shift assembly and neutral start switch failure is due to normal wear and tear or to faulty design is a genuine issue of material fact in dispute for the trier of fact to decide. Therefore, Ford's third argument must fail.

D. Ford's Fourth Argument – The Bypass and Failure to Follow Instructions.

Ford's last argument pertaining to the defective design claim is that Craig cannot prove the causation element of her claim because the wiring around of the neutral start switch and Craig's failure to heed Ford's warnings and instructions caused Craig's fatal accident, not a defective design. According to Coleman, when the neutral start switch fails, its replacement may not resolve the problem due to the excessive wear in the transmission shift rail and fork assembly. (Id. ¶ 4.) Moreover, to replace or repair the worn components would be cost-prohibitive. (Id. ¶ 5.) Therefore, the tractor's operator is forced to bypass the neutral start switch in order to restore the tractor's use. (Id. ¶ 4.) Craig has presented sufficient expert testimony to create a genuine issue of material fact regarding direct cause, especially in light of the bypass's foreseeabilty; therefore, the question of direct cause is for the trier of fact. See OKLA. UNIF. JURY INSTRUCTION 12.4. Ford's fourth argument must fail.

**II. Craig's Failure to Warn Claim.**

Craig contends that Ford provided neither adequate warnings nor adequate instructions sufficient to inform the ordinary user of the tractor's risk of harm. Ford argues that the danger of ground-starting a tractor with a bypassed neutral safety switch is open and obvious to an ordinary user. Ford further argues that Ford's warnings are adequate and had Neil Craig observed the given warnings the accident would not have occurred. Ford's arguments are unavailing.

A. Ford's First Argument – An Open and Obvious Danger.

Ford argues that the danger of being run over by the tractor is open and obvious to any ordinary user of the tractor; thus it had no duty to warn of such a danger. Craig contends that Ford's argument mischaracterizes the danger involved—that the actual danger is the failure of the defectively-designed neutral start system itself, which is not open and obvious. Craig further contends that a consumer without Ford's knowledge of the system's design would not have discovered the defect without a warning; therefore, Ford had the duty to provide proper instruction or warning to consumers that they could overcome the system's failure by manipulating the high/low shift lever. Craig's point is well taken. Any danger presented by the failure of the neutral start switch may not be apparent to the user prior to the user's attempts to start the engine. Ford's argument mistakenly focuses upon the danger posed by the tractor itself and not the danger posed by the failure of the neutral start switch.

Additionally, Ford's argument also fails because it assumes the very thing it has to prove—that Neil Craig is an "ordinary user." Ford does not define who an ordinary user of

a Ford 3400 tractor would be, how Neil Craig qualifies as an ordinary user, or what an ordinary user would know or should have known about the dangerousness of the tractor. Ford's first argument must fail.

B. Ford's Second Argument – The Given Warnings Were Adequate.

Ford next argues that the warnings and instructions supplied with the tractor were adequate. Craig correctly informs the Court that under Oklahoma law, "[a] duty to warn must also be based upon the foreseeability that the user would use the product in that way, the type of danger involved, and foreseeability of the user's knowledge of the danger." Duane v. Okla. Gas & Elec. Co., 1992 OK 97, ¶ 4, 833 P.2d 284, 286. Accord OKLA. UNIF. JURY INSTRUCTIONS 12.5, 12.6. Here, Ford testified that bypassing the neutral start switch was a foreseeable modification. (Pl.'s Resp, Ex. 6, at 34.) However, the warnings Ford submits to the Court as being adequate only discuss precautions the user should take. Whether these warnings adequately communicate to the user both the level of risk and the type of danger associated with using bypassed neutral start switches, whether they are based upon such a foreseeable use, and whether they are based on the foreseeability of the user's knowledge of the danger, are genuine issues of material fact in dispute and are for the trier of fact to decide. Moreover, what Neil Craig knew with regard to the dangers of ground-starting a tractor with a bypassed neutral start switch and when he knew it are also for the trier of fact. "[Ford] cannot defend on the basis that perfect compliance with its instructions would have prevented the accident when the warnings given are 'unclear or inadequate to

apprise the consumer of the inherent or latent danger.'" Karns v. Emerson Elec. Co., 817 F.2d 1452, 1458 (10th Cir. 1987) (citation omitted). Ford's second argument must fail.

## CONCLUSION

For the reasons delineated above, the Court finds that Ford has not shouldered the burden of demonstrating there are no genuine issues of material fact in dispute and that Ford is entitled to a judgment as a matter of law on Craig's design defect and informational defect claims. Consequently, Ford's Motion for Summary Judgment (Dkt. No. 44) is **DENIED**.

IT IS SO ORDERED THIS 2nd day of August, 2005.

ROBIN J. CAUTHRON
United States District Judge